U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL 30 A 10: 11

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CARLA FERNANDES BLOOMFIELD,               )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        Case No. 2:26-cv-64
                                          )
KINGDOM EAST SCHOOL DISTRICT,             )
and VERMONT AGENCY OF                     )
EDUCATION,                                )
                                          )
        Defendants.                       )

**ORDER ON MOTION TO DISMISS**
**(Doc. 11)**

Representing herself on behalf of her minor child, Plaintiff Carla Fernandes Bloomfield brings this action under the Individuals with Disabilities Education Act ("IDEA"), alleging that an administrative hearing officer prematurely dismissed her due process complaint ("DPC") without providing her with an impartial hearing. She seeks remand to the hearing officer for a due process hearing under 20 U.S.C. § 1415(f). Defendant Vermont Agency of Education ("AOE"), a defendant in the underlying due process case, seeks dismissal, arguing that the hearing officer properly dismissed the DPC because it fell outside the statute of limitations and because Ms. Bloomfield failed to state a claim against AOE.

"Under the IDEA, if a parent disputes a hearing officer's decision following a due process hearing, the parent may seek review in federal court." *D.S. ex rel. M.S. v. Trumbull Bd. of Educ.*, 357 F. Supp. 3d 166, 175 (D. Conn. 2019) (citing 20 U.S.C. § 1415(i)(2)(A)). "The procedure is, in essence, an administrative appeal from the agency's determination." *Id.* (citing *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012)). In conducting that review, the court "shall receive the records of the administrative proceedings," "shall hear additional

evidence at the request of a party" and must "bas[e] its decision on the preponderance of the evidence." 20 U.S.C. § 1415(i)(2)(C).

AOE's motion to dismiss asks the court to address the merits of the hearing officer's decision. But the statute requires the court to receive the administrative record before conducting its review and to base its decision on "the evidence." Although the court has received the two decisions of the hearing officer, the court has not received the full administrative record, including the underlying DPC. It would therefore exceed the court's authority to pass on the merits of the hearing officer's decision or to dismiss the case at this stage. Furthermore, because cases such as this one are essentially appeals, courts typically resolve them on cross motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure or simply by way of requesting briefing on the complaint and administrative record. *See Mather v. Hartford Sch. Dist.*, No. 94-cv-14 (D. Vt.); *see also Scheff v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 7579 (S.D.N.Y.); *Pangerl v. Peoria Unified Sch. Dist.*, No. CV-15-2189 (D. Ariz.). The court will convert the motion to a motion for summary judgment and ORDERS AOE to produce the full administrative record, including the out-of-state IEP and notices of insufficiency, under seal in accordance with Doc. 13, by September 15, 2026.

In converting the motion to one for summary judgment, the court will provide certain instructions to Ms. Bloomfield, who is self-represented.[1] "[A] motion for summary judgment made by a defendant . . . is a request for a judgment in the defendant's favor without a trial." *Lafayette v. Blueprint Basketball*, No. 23-cv-631, 2024 WL 1329455, at *1 (D. Vt. Mar. 27, 2024). Likewise, a motion for summary judgment filed by a plaintiff is a request for a judgment

---

[1] Self-represented litigants must be provided notice "of the nature and consequences of a summary judgment motion." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988).

in the plaintiff's favor without a trial. Such a motion sets forth the facts that the moving party contends are not reasonable subject to dispute and that entitle them to judgment as a matter of law. Those assertions must be supported by evidence, which in this case is the administrative record, namely the decisions of the hearing officer and the DPC filed by Ms. Bloomfield. "Failure to contradict [the moving party's] assertions may result in the entry of summary judgment against the [non-moving party]." *Id.*

A denial of a defendant's motion for summary judgment does not mean that the plaintiff has won the case, just as the denial of a plaintiff's motion does not mean the defendant has won. That is why, in cases where the court is reviewing an administrative decision, courts typically receive "cross motions" for summary judgment—meaning both parties file a motion for summary judgment. Courts will grant one motion and deny the other, and the party whose motion is granted will prevail.

In this case, Ms. Bloomfield has provided thorough briefing supporting her position on the case. The court is prepared to treat her response to the motion to dismiss as a motion for summary judgment, which would mean that Ms. Bloomfield need not file anything else in this as it relates to her case against AOE. Should she wish to file a separate motion for summary judgment, she should do so by October 15, 2026. Any additional response to AOE's motion is also due on October 15.

## Conclusion

The court CONVERTS AOE's motion to one for summary judgment. The court ORDERS AOE to file the full administrative record under seal in accordance with Doc. 13 by September 15, 2026. Once the administrative record is filed, Ms. Bloomfield may submit a cross

motion for summary judgment by October 15, 2026, if she chooses.  The court will continue the

hearing scheduled for August 5, 2026, at 1:30 p.m.

Dated at Burlington, in the District of Vermont, this 30th day of July, 2026.

_____

Geoffrey W. Crawford, Judge
United States District Court

4